## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

MICHAEL/ACHILLES ROMULUS GENTRY
ADC #142633                                                                              PLAINTIFF

v.                                              No. 2:21-cv-12-DPM

ROOSEVELT G. BARDEN, Captain,
E.A.R.U;  JEREMY J. SYKES, Sergeant,
E.A.R.U.;  A. JACKSON, Deputy Warden,
E.A.R.U.;  K. LAY, Head Warden, E.A.R.U;
M. KELLY, Captain, E.A.R.U.;  and
DANIELS, Corporal, E.A.R.U.                                                DEFENDANTS

### ORDER

On *de novo* review, the Court adopts Magistrate Judge Volpe's partial recommendation, *Doc. 5*, and overrules Gentry's objections, *Doc. 6*.  FED. R. CIV. P. 72(b)(3).   Gentry can't pursue a § 1983 claim against Barden for destruction of property because Arkansas law provides an adequate post-deprivation remedy.   Further, Gentry's complaint alleges no specific facts about Lay's personal involvement; and Lay can't be held liable based solely on his supervisory role. *Rogers v. King*, 885 F.3d 1118, 1122–23 (8th Cir. 2018).  If Gentry wants to plead more facts about Lay or Barden, then he must get permission to amend his complaint.   But he can't amend his complaint by way of his objections.   Gentry's official capacity claims for damages, his claims

against Defendant Lay, and his claim against Barden for destruction of property are dismissed without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_8 March 2021_